Filed
AUG 1 2 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VETTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA PRISON HEALTH CARE,<br><br>    Defendants. | No. C 12-0969 LHK (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On July 30, 2012, the Court re-opened this action after receiving Plaintiff's application to proceed in forma pauperis ("IFP"). Plaintiff's motion to proceed IFP is granted in a separate order. For the reasons below, Plaintiff's complaint is DISMISSED.

## DISCUSSION

A.  <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.12\Vetter969dis.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff claims that the California Prison Health Care has violated California's Administrative Procedures Act by failing to submit any proposal to amend, adopt, repeal, or alter the California Code of Regulations to the California Office of Administrative Law. Plaintiff's complaint is deficient. Most fatal to his complaint is that Plaintiff's allegations assert only violations of state law.

To state a cognizable claim in a federal civil rights action, Plaintiff must claim that a federal law was violated. Because he has not done so, this action is DISMISSED for failure to state a claim. Although the Court normally allows a *pro se* prisoner to amend his complaint, the Court need not do so where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Because Plaintiff's complaints concern only state law violations, the dismissal is without leave to amend.

IT IS SO ORDERED.

DATED: 8/12/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge